IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE VARELA | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JODY REED, M.D. d/b/a ORLAND PARK | ) | **07 C 7244** |
| FAMILY SERVICE and ORLAND | ) | |
| FAMILY SERVICE | ) | JUDGE GETTLEMAN |
| | ) | MAGISTRATE JUDGE COX |
| Defendants. | ) | |

# COMPLAINT

## COUNT I (Overtime Wages)

### JURISDICTION AND VENUE

1. This is a suit to recover back wages and liquidated damages. Federal question jurisdiction is posited upon Title 28 U.S.C. 1331. This claim arises under Title 29 U.S.C. 216(b), commonly known as the "Fair Labor Standards Act" (hereinafter "FLSA"), as amended, and acts prohibited there under. To plaintiff's knowledge, other employees are aggrieved by the unlawful conduct alleged.

2. Defendant, JODY REED, M.D. is engaged in the practice of medicine as ORLAND FAMILY SERVICE, located is Orland Park, Illinois. Dr. Jody Reed is the owner and principal of ORLAND FAMILY SERVICE. The defendant is an "employer" of the plaintiff within the meaning of 29 U.S.C. 203(a) and (d). The court has supplemental jurisdiction over the claims under the Illinois Wage Payment and Collection Act claim, 820 ILCS 115/11(c) and the Illinois Minimum Wage Law, 820

1

ILCS 105/1-15 (ILMWL), pursuant to the Judicial Improvements Act, 28 U.S.C. 1367(a)(1).

## STATEMENT OF CLAIM

3.  Plaintiff, JACQUELINE VARELA, was employed by defendant as a clerical worker between approximately March 7, 2007 and August 30, 2007, at an hourly wage of $10.00.  During the time employed, plaintiff worked more than 40 hours in most work weeks for which she was not compensated wages at the rate of one and one-half times her regular rate, in violation of 29 U.S.C. 207(a) and the ILMWL, 820 ILCS 105/4a.  As a result thereof, there is now due her back overtime wages, plus liquidated damages, attorney's fees and costs of this suit.

## PRAYER FOR RELIEF

4.  WHEREFORE plaintiff asks the court to enter judgment in her favor, and against the defendant, JODY REED, M.D. and/or ORLAND FAMILY SERVICE or ORLAND PARK FAMILY SERVICE, for all back wages due, plus liquidated damages, attorney's fees and costs of the action due, as provided by 29 U.S.C. 216(b); 820 ILCS 105/12; and the Illinois Wage Payment and Collection Act, 820 ILCS 115/11(c).

## COUNT II (Discriminatory Discharge)

### JURISDICTION AND VENUE

1.  This is a suit to recover back wages, liquidated damages and other damages for discriminatory discharge.  Federal question jurisdiction is posited upon 28

U.S.C. 1331.  The discharge is protected by the discriminatory discharge proscription of the Act, Title 29 U.S.C. §215(a)(3).

2.   The violations of the Acts occurred within this judicial district, at or near Orland Park, Illinois.  The defendant is an "employer" within the meaning of the Act, to wit, 29 U.S.C. 203(a) and (d).

## STATEMENT OF CLAIM

3.   At all time relevant hereto, plaintiff was employed by defendant as a clerical worker at a regular hourly rate of $10.00.  During the time employed, defendant failed, neglected or refused to pay plaintiff overtime wages under federal law, 29 U.S.C. 207(a)(1), for hours worked over 40 in certain work weeks at the rate of one and one-half her regular rate.

4.   On or about August 10, 2007 plaintiff expressed her opposition to the employer's unlawful activity by complaining to STEPHANIE LUDVIGSEN, offie manager, that her wages did not include the overtime premium of one and one-half his regular rate for all hours worked over 40 in a work week, in accordance with 29 U.S.C. 207(a)(1).  As a result of such complaints, on or about August 11, 2007 plaintiff was maliciously discharged from her position of gainful employment by Dr. Reed, in violation of the discriminatory discharge proscription of the Act, 29 U.S.C. §§207(a)(1) and 215(a)(2) and (3), when she was placed on a two-week "paid leave" then never called back to work, despite approximately ten telephone messages from plaintiff, all unreturned, to resume work.  At the time of plaintiff's discharge, she was a single parent dependent on income from the employer, and her unlawful termination from employmet has caused great hardship, embarrassment and inconvenience.

5. Following plaintiff's discharge, she was caused to, and did, sustain lost income as a result of displacement from her position; and, as a further result thereof, there is now overdue to him lost income plus liquidated damages, and both compensatory and punitive damages, plus attorney's fees and costs of the action, pursuant to 29 U.S.C. 216(b).

### PRAYER FOR RELIEF

6. WHEREFORE, plaintiff asks the court to enter judgment, upon the verdict of a jury, in her favor, and against the defendant, JODY REED, M.D. for all relief to which she may be reasonably entitled, including all lost wages sustained with liquidated damages plus compensatory and punitive damages, in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), or such other sum to be determined by a jury, plus reasonable attorney's fees and costs of the action, as provided by 29 U.S.C. §216(b), to deter this and other employers from similar conduct in the future.

s/Ernest T. Rossiello
ERNEST T. ROSSIELLO

Ernest T. Rossiello & Associates, P.C.
134 North LaSalle Street, Suite 1330
Chicago, Illinois 60602-1137
ETRLaw@aol.com
(312) 346-8920

Attorney for Plaintiff

Dated: December 26, 2007
        Chicago, Illinois

4