IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE VARELA, ) | |
| ) | No.   07 CV 7244 |
| ) | |
| Plaintiffs, ) | Judge Gettlemen |
| ) | |
| vs. ) | Magistrate Judge Cox |
| ) | |
| JODY REED, M.D., d/b/a ORLAND PARK ) | |
| FAMILY SERVICE and ORLAND FAMILY ) | |
| SERVICE, ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

NOW COME the Defendants, JODY REED, M.D., d/b/a ORLAND PARK FAMILY SERVICE and ORLAND FAMILY SERVICE and in answer to the Complaint filed by Plaintiff, JACQUELINE VARELA, states as follows:

### COUNT I (Overtime Wages)

### JURISDICTION AND VENUE

1.  This is a suit to recover back wages and liquidated damages. Federal question jurisdiction is posited upon Title 28 U.S.C. 1331. This claim arises under Title 29 U.S.C. 216(b), commonly known as the "Fair Labor Standards Act" (hereinafter "FLSA"), as amended, and acts prohibited thereunder. To plaintiff's knowledge, other employees are aggrieved by the unlawful conduct alleged.

**ANSWER:   Defendants admit Plaintiff seeks to bring the action under the Fair Labor Standards Act ("Act") and that federal question jurisdiction is proper. Defendants deny remaining allegations.**

2.  Defendant, JODY REED, M.D. is engaged in the practice of medicine as

ORLAND PARK FAMILY SERVICES located is*(sic)* Orland Park, Illinois. Dr. Jody Reed is the owner and principal of ORLAND FAMILY SERVICE. The defendant is an "employer" of the plaintiff within the meaning of 29 U.S.C. 203(a) and (d). The court has supplemental jurisdiction over the claims under the Illinois Wage Payment and Collection Act claim, 820 ILCS 115/11(c) and the Illinois Minimum Wage Law, 820 ILCS 115/11(c).

**ANSWER:    Defendant admits the Court has supplemental jurisdiction over the state law claims. Defendant Reed admits he may be considered an "employer" within the meaning of 29 U.S.C. 203(d) but denies he was Plaintiff's employer. Defendants deny the remaining allegations.**

## STATEMENT OF CLAIM

3.    Plaintiff, JACQUELINE VARELA, was employed by Defendant as a clerical worker between approximately March 7, 2007 and August 30, 2007, at an hourly wage of $10.00. During the time employed, Plaintiff worked more than 40 hours in most work weeks for which she was not compensated wages at the rate of one and one-half times her regular rate, in violation of 29 U.S.C. 207(a) and the ILMWL, 820 ILCS 105/4a. As a result, there is now due her back overtime wages, plus liquidated damages, attorney's fees and costs of this suit.

**ANSWER:    Defendant Reed admits he may be considered an "employer" within the meaning of 29 U.S.C. 203(d) but denies he was Plaintiff's employer. Defendant admits Plaintiff was a clerical worker and her compensation rate was $10.00 per hour. Defendants deny remaining allegation.**

4.    WHEREFORE, plaintiff asks the court to enter judgment in her favor, and against the defendant, JODY REED, M.D. and/or ORLAND FAMILY SERVICE or ORLAND PARK

2

FAMILY SERVICE, for all back wages due, plus liquidated damages, attorney's fees and costs of the action due, as provided by 29 U.S.C. 216(b); 820 ILCS 105/12; and the Illinois Wage Payment and Collection Act, 820 ILCS 115/11(c).

**ANSWER:** **Defendants deny Plaintiff is entitled to any relief.**

## COUNT II (Discriminatory Discharge)

### JURISDICTION AND VENUE

1. This is a suit to recover back wages, liquidated damages and other damages for discriminatory discharge. Federal question jurisdiction is posited upon 28 U.S.C. 1331. The discharge is protected by the discharge proscription of the Act, Title 29 U.S.C. §215(a)(3).

**ANSWER:** **Defendants admit Plaintiff seeks remedies afforded by the Act but denies Plaintiff is entitled to such relief under the referenced Act provisions. Defendants admit federal question jurisdiction is proper.**

2. The violations of the Acts occurred within the judicial district, at or near Orland Park, Illinois. The defendant is an "employer" within the meaning of the Act, to wit, 29 U.S.C. 203(a) and (d).

**ANSWER:** **Defendant admits he/it may be considered an "employer" under the Act but deny they were Plaintiff's employer. Defendants deny remaining allegation.**

### STATEMENT OF CLAIM

3. At all times relevant hereto, plaintiff was employed by defendant as a clerical worker at a regular hourly rate of $10.00. During the time employed, defendant failed, neglected or refused to pay plaintiff overtime wages under federal law, 29 U.S.C. 207(a)(1), for hours

worked over 40 in certain work weeks at the rate of one and one-half her regular rate.

**ANSWER:** **Defendants admit Plaintiff was a clerical worker who was paid $10.00 per hour. Defendants deny remaining allegations.**

4. On or about August 10, 2007, plaintiff expressed her opposition to the employer's unlawful activity by complaining to STEPHANIE LUDVIGSEN, office manager, that her wages did not include the overtime premium of one and one-half his*(sic)* regular ate for all hours worked over 40 in a work week, in accordance with 29 U.S.C. 207(a)(1). As a result of such complaints, on or about August 11, 2007, plaintiff was maliciously discharged from her position of gainful employment by Dr. Reed, in violation of the discriminatory discharge proscription of the Act, 29 U.S.C. §§207(a)(1) and 215(a)(2) and (3), when she was placed on a two-week "paid leave" then never called back to work, despite approximately ten telephone messages from plaintiff, all unreturned, to resume work. At the time of plaintiff's discharge, she was a single parent dependent of income from the employer and her unlawful termination from employment has caused great hardship, embarrassment and inconvenience.

**ANSWER:** **Defendants deny the allegations.**

5. Following plaintiff's discharge, she was caused to, and did, sustain lost income as a result of displacement from her position; and as a further result thereof, there is now overdue to him*(sic)* lost income plus liquidated damages and both compensatory and punitive damages, plus attorney's fees and costs of the action, pursuant to 29 U.S.C. 216(b).

**ANSWER:** **Defendants deny the allegation contained in Paragraph 5 above.**

6. WHEREFORE, plaintiff asks the court to enter judgment, upon the verdict of a jury, in her favor, and against the defendant, JODY REED, M.D. for all relief to which she may

4

be reasonably entitled, including all lost wages sustained with liquidated damages, plus compensatory and punitive damages, in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), or such other sum to be determined by a jury, plus reasonable attorney's fees and costs of this action, as provided by 29 U.S.C. §216(b), to deter this and other employers from similar conduct in the future.

**ANSWER:** **Defendants deny Plaintiff is entitled to requested relief.**

### AFFIRMATIVE DEFENSES

1. Plaintiff was paid all hourly wages in conformity with the Fair Labor Standards Act, Illinois Wage Payment & Collection Act, Illinois Minimum Wage Law and application regulations.

2. Plaintiff was terminated for destroying corporate records, violating company rules, improperly disseminating patient information and aggressive behavior towards a patient resulting in the patient leaving the care of Defendant. Additionally, Plaintiff's erratic behavior resulted in complaints from other patients and psychologists employed at Orland Family Services served as yet another basis for termination.

3. The Plaintiff unreasonably failed to mitigate her damages.

4. Plaintiff is not entitled to liquidated damages because Defendant, to the extent it may be determined, was Plaintiff's employer, in good faith complied with all applicable laws, including the Fair Labor Standards Act and had reasonable grounds to believe that it was properly paying Plaintiff under those laws.

5. Defendants cannot be liable for willful conduct as they neither knew nor showed reckless disregard toward their obligations under applicable laws, including the Fair Labor

Standards Act.

WHEREFORE, Defendants, JODY REED, M.D., d/b/a ORLAND PARK FAMILY SERVICE and ORLAND FAMILY SERVICE and for such other relief deemed just and equitable.

                          Respectfully submitted,

                          NIEW LEGAL PARTNERS, P.C.

             BY:   /s/   G. Ryan Liska
                         One of the attorneys for Defendants

G. Ryan Liska
NIEW LEGAL PARTNRS, P.C.
600 Hunter Drive
Suite 310
Oak Brook, Illinois 60523
(630) 586-0110
ARDC No. 627791